Patrick M. Flatley
United States Bankruptcy Judge

Dated: Monday, March 24, 2014 3:02:51 PM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SUMMIT III, LLC, | ) | Case No. 11-bk-01448 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| THOMAS H. FLUARTY, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adv. Proc. No. 13-ap-00045 |
| CRAIG M. DUET, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before this court is Craig Duet's ("Mr. Duet") Motion to dismiss the Complaint filed against him by Thomas H. Fluharty, the Chapter 7 Trustee ("Trustee") appointed to administer the Debtor Summit III, LLC's (the "Debtor") bankruptcy estate complaint that seeks to avoid and recover transfers made by the Debtor to Mr. Duet according to the terms of a negotiated litigation settlement agreement ("Settlement Agreement"), executed by the Debtor, Mr. Duet, Mountaintop, LLC ("Mountaintop"), Anthony J. Skattell, III ("Mr. Skattell"), and Thomas Tretheway ("Mr. Tretheway"). For the reasons stated herein, the court denies, without prejudice, Mr. Duet's motion for dismissal.

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The plausibility standard requires a plaintiff "to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility' of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). When evaluating a motion to dismiss, the court must (1) construe the complaint in a light favorable to the plaintiff, (2) take factual allegations as true, and (3) draw all reasonable inferences in favor of the plaintiff. 5C Charles Wright & Arthur Miller, Federal Practice and Procedure § 1357 (3d ed. 2012) (collecting cases). The court's role in ruling on a motion to dismiss is not to weigh the evidence, but to analyze the legal feasibility of the complaint. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).

A complaint for fraud must meet a heightened pleading standard. Fed. R. Civ. P. 9(b). Rule 9 requires that a complaint set forth facts with sufficient particularity to apprise the defendant of the charges against him so that he may prepare an adequate answer. *Iqbal,* 556 U.S. at 686-87. The detail required by the particularity requirement differs with the facts of each case, but in alleging circumstances constituting fraud, the claimant is generally required to allege: "the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). Notably, Rule 9(b) allows the complaint to contain "conclusory allegations . . . of the intent to deceive." *Id.* at 784. And, "a trustee is afforded greater liberality in pleading fraud, since he is a third-party outsider to the debtor's transactions." *Aphton v. Aventis* (*In re Aphton Corp.*), 423 B.R. 76, 85 (Bankr. D.Del. 2010) (citations omitted).

## II. BACKGROUND

On August 9, 2007, Mr. Duet filed a Complaint initiating a civil action in the Court of Common Pleas of Berkley County, South Carolina ("State court"), against Mountaintop, a South Carolina limited liability company, Mr. Trethway, Mr. Skattell and the Debtor. On September 4,

2

2008, Mr. Duet filed an Amended Complaint, which alleged that the events surrounding a December 11, 2006 capital call was a proper disassociation from Mountaintop and related entities under the Uniform Limited Liability Act (S.C. Code. Ann. § 33-44-701) and thus entitled him to redeem his 25% equity interest in Mountaintop and the Debtor. During the course of the State court litigation, the parties entered into a Settlement Agreement and Mutual Release, dated March 27, 2009, whereby the Debtor entered into a Promissory Note ("Note") to make thirteen scheduled payments totaling $754,750.00 to Mr. Duet, on behalf of Mr. Trethway, Mr. Skatell and Mountaintop. Mr. Skatell personally guaranteed payment of $525,000.00 under the Settlement Agreement. Pursuant to the payment schedule, which commenced on March 27, 2009, Mr. Duet received $30,000.00 that day; and received $12,000.00 monthly between May 15, 2009 and October 15, 2009. The Debtor failed to make the November 15, 2009 scheduled transfer of $52,750.00 and the December 15, 2009 scheduled transfer of $124,000.00. However, it did transfer $12,000.00 on December 15, 2009. To bring the payment schedule current, Mr. Duet and the Debtor entered into a Forbearance Agreement on January 12, 2010, to divide the December 15, 2009 scheduled transfer of $124,000.00 into smaller payments. Pursuant to the Forbearance Agreement, Mr. Duet received a transfer of $42,000.00 on February 8, 2010; and received $12,000.00 monthly between March 11, 2010 and December 14, 2010. As detailed in Mr. Duet's proof of claim, the Debtor did not complete the payment schedule pursuant to the Forbearance Agreement. The Debtor further failed to make the December 15, 2010 scheduled transfer of $124,000.00. On January 14, 2011, pursuant to the Settlement Agreement, Mr. Duet exercised his right to accelerate the principal balance due on the Note. Despite this, the Debtor continued to make monthly transfers of $12,000.00 between January 14, 2011 and July 15, 2011 to Mr. Duet.

On August 22, 2011, the Debtor filed for bankruptcy under chapter 11. As of the petition date of August 11, 2011, the Debtor had not completed the payment schedule as outlined in the Settlement Agreement, and according to Mr. Duet's proof of claim, owed $426,751.23 in unpaid principal and interest. On June 25, 2013, the Debtor's bankruptcy case was converted to a case under chapter 7; on the same date, the United States Trustee designated Thomas Fluharty as trustee in this case. The Trustee held the meeting of creditors pursuant to 11 U.S.C. § 341(a) on July 24, 2013 in Clarksburg, West Virginia.

3

On August 9, 2013, the Trustee filed an adversary complaint in this court against Mr. Duet. The Trustee's complaint alleges three grounds to avoid and recover transfers occurring between the execution of the Settlement Agreement dated March 27, 2009, and the Debtor's petition date, August 11, 2011. The Trustee seeks to recover $66,000.00 based on claims of actual and constructive fraud and transfers to an insider under the West Virginia Uniform Fraudulent Transfers Act ("WVUFTA") pursuant to his powers under 11 U.S.C. § 544(b); to avoid and recover $282,000.000 as fraudulent transfers under 11 U.S.C. § 548(a)(1), and to recover $132,000.00 as preferential transfers under 11 U.S.C. § 547(b). The Trustee asserts that since Mr. Duet is an initial transferee, he is entitled to recover costs and attorney fees under 11 U.S.C. § 550(a) in addition to the amount of the transfers avoided. Additionally, the Trustee asserts that pursuant to 502(d), he is entitled to offset the sum of the avoided transfer with the amount claimed in Mr. Duet's proof of claim, should Mr. Duet fail to turn over the amount of the avoided and recovered transfers. The Trustee attached documents to his response, including Mr. Duet's proof of claim, a copy of the Settlement Agreement, and a list of the dates and amounts of transfers made to Mr. Duet.

To support his motion to dismiss,[1] Mr. Duet makes four allegations: first, the Trustee failed to plead sufficient facts to show the Debtor's intent to hinder, delay or defraud its creditors under W. Va. Code § 40-1A-4(a)(1) and 11 U.S.C § 548(a)(1)(A); second, the Trustee failed to demonstrate that the Debtor received less than reasonably equivalent value in exchange for the transfers because the Settlement Agreement reflects adequate consideration under W. Va. Code § 40-1A-4(a)(2) and 11 U.S.C. § 548(a)(2)(B); third, that the Trustee's claims under 547(b) and W. Va. Code § 40-1A-5(b) fail because he is not an "insider of the Debtor"; fourth, that the Trustee's claim under W. Va. Code § 40-1A-5(b) is time barred. Mr. Duet seeks to dismiss claims under 11 U.S.C. § 502(d) and § 550(a) because the Trustee may not employ these as they are remedies that depend on the avoidance and recovery of the transfers based upon § 548(a)(1) and § 547(b); actions which he asserts should be dismissed.

---

[1] Mr. Duet does not cite under which Federal Rule of Civil Procedure he is moving. Based on the court's review of Mr. Duet's motion, it appears Mr. Duet seeks dismissal under Fed. R. Civ. P. 12(b)(6).

4

### III. DISCUSSION

Mr. Duet alleges that the court must dismiss each count of the Trustee's complaint based upon the Trustee's failure to state causes of upon which relief can be granted. He also alleges that the court must dismiss a portion of Count I and all of Count II based upon the Trustee's failure to plead fraud with specificity. The Trustee argues that he stated causes of action upon which he can recover and avoid transfers made to Mr. Duet.

**A.    Count I of the Trustee's Complaint - Claims Under the WVUFTA.**

By Count I of his complaint, the Trustee seeks to avoid certain payments made by the Debtor to Mr. Duet more than two years prepetition. The Trustee asserts that § 544(b) of the Bankruptcy Code allows him to avoid those payments under the WVUFTA. W. Va. Code §§ 40-1A-1, *et seq*. The Trustee's allegations in that regard, however, are imprecise. Mr. Duet, in his memorandum supporting his motion to dismiss, and the Trustee, in his response to the motion to dismiss, make clear that the Trustee actually seeks recovery under Count I of his complaint based upon the following three distinct theories: (1) the subject transfers are avoidable under W. Va. Code §§ 40-1A-4(a)(1) because the Debtor made them with an actual intent to hinder, delay, or defraud its creditors; (2) the subject transfers are avoidable under W. Va. Code §§ 40-1A-4(a)(2) because the Debtor did not receive reasonably equivalent value in exchange therefor at a time when such transfers left it with an unreasonably small amount of assets in relation to its business, or it should have believed that it would incur debts beyond its ability to pay as they came due; and (3) the subject transfers are avoidable under W. Va. Code § 40-1A-5(b) because the Debtor made them to Mr. Duet as an insider, on account of an antecedent debt to him, and at a time when it was insolvent.

**i.    The Trustee's Claim Under W. Va. Code § 40-1A-4(a)(1).**

Mr. Duet asserts that the court must dismiss Trustee's allegations under § 40-1A-4(a)(1) because the Trustee failed to satisfy the heightened pleading standard to plead fraud with particularity as required by Fed. R. Civ. P. 9(b). The Trustee asserts that his allegations are sufficient to plead fraud with particularity in this instance such that his complaint should survive Mr. Duet's motion to dismiss. The court agrees with the Trustee.

As the court previously noted, a trustee is afforded greater liberality in pleading fraud. *Aphton*, 423 B.R. at 85. And courts may consider a variety of factors in determining whether a

debtor acted with actual intent under § 40-1A-4(a)(1).  *See* W. Va. Code § 40-1A-4(b) (listing factors).  Although the Trustee's allegations under § 40-1A-4(a)(1) are imprecise and do not fit neatly into the standard for pleading fraud with specificity in the Fourth Circuit, the court finds that the Trustee's allegations under § 40-1A-4(a)(1) raise his right to relief beyond a speculative level.  In the complaint, the Trustee alleges facts regarding the Debtor's insolvency at the time of the transfers, Mr. Duet's "insider" status, and the Debtor's failure to timely make payments pursuant to the Settlement Agreement.  Construing the pleadings in the light most favorable to the Trustee, and for purposes of evaluating a motion to dismiss under Rule 9(b), the court finds that the Trustee's complaint alleges a cause of action under § 40-1A-4(a) that is plausible on its face.

### ii.    The Trustee's Claim Under W. Va. Code § 40-1A-4(a)(2).

Mr. Duet seeks to dismiss the Trustee's allegations under § 40-1A-4(a)(2) because he asserts that the Trustee cannot prove the elements necessary to avoid the subject transfers under that provision; specifically, that the Debtor did not receive reasonably equivalent value in exchange for the transfers.  In that regard, Mr. Duet asserts that the Fourth Circuit's decision in *FDIC v. Kincaid Enterprises, Inc*., 829 F.2d 1119 (4th Cir. 1987) controls.  The Trustee asserts that *Kincaid* is not controlling because it, among other things, did not arise in the bankruptcy context or, more specifically, in the context of fraudulent transfer litigation.  Rather, the Trustee asserts that the court should follow its determination in *Sheehan v. Sapp (In re Sapp)*, 364 B.R. 618 (Bankr. N.D.W. Va. 2007) that "[a] determination of whether 'value' is 'reasonably equivalent' is based on the totality of the circumstances."  *Id.* at 632 (citation omitted).  The court agrees with the Trustee.  Moreover, in determining reasonably equivalent value, the Fourth Circuit has directed that, "[t]he focus is on the consideration received by the debtor, not on the value given by the transferee." *Harman v. First Am. Bank of Md.* (*In re Jeffrey Bigelow Design Grp., Inc.*), 956 F.2d 479, 485 (4th Cir. 1992) (citations omitted).

The Trustee asserts that the Debtor did not receive reasonably equivalent value in exchange for Mr. Duet's membership interest because it, among other things, was compelled to make the payments to Mr. Duet not just on its own behalf but also on the behalf of Mountaintop, Mr. Skattell, and Mr. Tretheway.  The Trustee also alleges that the Debtor was insolvent at the time of the transfers, that all of the Debtor's assets were encumbered, and that the Debtor failed

6

to make timely payments under the Settlement Agreement. The court thus finds that, taking the Trustee's allegations as true, the Trustee sets forth sufficient facts in his complaint to raise a right to relief under § 40A-1-4(a)(2) beyond a speculative level.

### iii. The Trustee's Claim Under W. Va. Code § 40-1A-5(b).

Mr. Duet seeks to dismiss the Trustee's claim under W. Va. Code § 40-1A-5(b) based on two arguments: (1) the action is barred by the statute of limitations; and (2) Mr. Duet is not an "insider" of the Debtor, as that term is defined under the WVUFTA.

Regarding the statute of limitations, claims under § 40-1A-5(b) can only be brought within one year "after the transfer was made." Thus the Trustee may not employ § 40-1A-5(b) to avoid transfers made to Mr. Duet beyond one year prepetition, and the Trustee concedes as much.[2] The Trustee may, however, employ § 40-1A-5(b) to avoid transfers made from the Debtor to Mr. Duet within the one-year period ending on the date the Debtor filed its voluntary Chapter 11 petition. And to the extent that Mr. Duet asserts that the statute of limitations bars recovery because "the obligation was incurred" on March 27, 2009, the court is unpersuaded because only transfers are avoidable under § 40-1A-5(b). The parties made clear in their pleadings that the Trustee is not pursuing a claim under § 40-1A-5(a), which provides for the avoidance of obligations incurred by a debtor, and, absent authority to the contrary, the court finds that transfers made pursuant to an obligation do not relate back to the date the obligation was incurred. Each obligation or transfer is separately avoidable. § 40-1A-5(b).

To the extent that Mr. Duet seeks dismissal of the Trustee's action under § 40-1A-5(b) based upon the Trustee allegedly being unable to prove that Mr. Duet was an insider, the court is not tasked with testing the sufficiency of the evidence in disposing of a motion to dismiss. Rather, the court's role is simply to determine whether the facts allege raise a right to relief beyond a speculative level. Here, the Trustee asserts that Mr. Duet was not properly

---

[2] Mr. Duet alleges in his reply that the Trustee concedes or abandons his cause of action under § 40-1A-5(b) because the Trustee alleges in his response that he does not need to prove Mr. Duet's status as an "insider" to establish a claim under § 40-1A-4. Although the Trustee's response does not specifically address Mr. Duet's assertion regarding the Trustee's claim under § 40-1A-5(b), the court finds that a fair reading of the pleadings does not indicate the Trustee concedes his cause of action in that regard. Rather, the court believes the Trustee concedes, if anything, that he may avoid only those transfers made within a year preceding the petition date.

7

disassociated from the Debtor or related entities because, among other things, the Settlement Agreement contains nothing acknowledging Mr. Duet's disassociation.  The court thus finds that the Trustee's allegations regarding Mr. Duet's status as an "insider" are sufficient to raise a right to relief beyond the speculative level, particularly when construing them in light most favorable to the Trustee as the nonmoving party.

**B. Count II of the Trustee's Complaint – Claim Under 11 U.S.C. § 548(a)(1)**

By Count II of his complaint, the Trustee seeks to avoid certain payments made by the Debtor to Mr. Duet within two years prepetition.  The Trustee asserts that § 548(a) of the Bankruptcy Code allows him to avoid and recover those payments. The Trustee's allegations in that regard, however, are imprecise.  Mr. Duet, in his memorandum supporting his motion to dismiss, and the Trustee, in his response to the motion to dismiss, make clear that the Trustee actually seeks recovery under Count II of his complaint based upon the following two distinct theories: (1) the subject transfers are avoidable under 11 U.S.C. § 548(a)(1)(A) because the Debtor made them with an actual intent to hinder, delay, or defraud its creditors; (2) the subject transfers are avoidable under 11 U.S.C. § 548(a)(1)(B) because the Debtor did not receive reasonably equivalent value in exchange therefore at a time when such transfers left it with an unreasonably small amount of assets in relation to its business, or it should have believed that it would incur debts beyond its ability to pay as they came due.

**i. The Trustee's Claim Under § 548(a)(1)(A)**

Mr. Duet seeks to dismiss the Trustee's claim under § 548(a)(1)(A) because he asserts that the Trustee failed to allege sufficient facts to meet the heightened pleading standard under Rule 9(b). Mr. Duet also asserts that the Trustee's allegations regarding § 548(a)(1)(A) are deficient because the Trustee does not allege facts that demonstrate an intent to hinder, delay or defraud creditors. Specifically, Mr. Duet challenges the Trustee's claims under § 548(a)(1)(A) because the Settlement Agreement was allegedly a freely negotiated contract which was entered into beyond the permitted two-year look back period under § 548(a)(1), which allegedly undermines the Trustee's ability to claim fraudulent intent.  In his response, the Trustee maintains that he has pleaded properly the badges of fraud in the complaint. Regarding Mr. Duet's Motion to dismiss the claim under § 548(a)(1)(A), a trustee is afforded greater liberality in pleading fraud. *Aphton*, 423 B.R. at 85. Moreover, since the determination of actual intent can

be difficult, courts looks to the "badges of fraud"[3] as circumstantial evidence of actual fraudulent intent. *Whitaker v. Mortgage Miracles, Inc.* (*In re Summit, LLC*) 298 B.R. 62, 70 (Bankr. W.D.N.C. 2002) (citing *In re World Vision Entertainment, Inc.*, 275 B.R. 641, 656 (Bankr. M.D.Fla. 2002)). "While each fact does not have to demonstrate actual fraud, the facts taken together must lead to the conclusion that actual fraud existed." *Harman*, 956 F.2d at 483–84. While the badges themselves are not direct evidence of fraud, they can lead to the conclusion that the debtor's conduct was motivated by such fraudulent intent. *Summit*, 298 B.R. at 70 (citing *In re Cohen*, 142 B.R. 720, 728–29 (Bankr. E.D.Pa.1992)).

Although the alleged facts do not fit neatly into the standard for pleading fraud with specificity in the Fourth Circuit, the court finds that The Trustee's allegations under § 548(a)(1)(A) raise his right to relief beyond a speculative level. In the complaint, The Trustee alleges the badges of fraud as circumstantial evidence of intent, including facts regarding the Debtor's insolvency at the time of the transfers, Mr. Duet's "insider" status, and the Debtor's failure to make timely payments pursuant to the Settlement Agreement. Construing the pleadings in the light most favorable to the Trustee, and for purposes of evaluating a motion to dismiss under Rule 9(b), the court finds that the Trustee's complaint alleges a cause of action under § 548(a)(1)(A) that is plausible on its face.

**ii. The Trustee's Claim Under § 548(a)(1)(B)**

Regarding Mr. Duet's motion to dismiss the complaint under § 548(a)(1)(B), he asserts that the Settlement Agreement is evidence that the Debtor received reasonably equivalent value for the transfers.[4] The term "reasonably equivalent value" is not defined by the Bankruptcy

---

[3] Fraudulent intent may be inferred from the presence of certain "badges of fraud," which include: (1) The lack or inadequacy of consideration; (2) the family, friendship or close associate relationship between the parties; (3) the retention of possession, benefit or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of events and transactions under inquiry. *Allman v. Wappler* (*In re Cansorb Industries Corp.*), Case no. 07-50041, 2009 WL 4062220 at *8 (Bankr. M.D.N.C. Nov. 20, 2008).

[4] In support of his argument, the Defendant compares the settlement agreement at issue before this court with the settlement agreement before the Fourth Circuit in *Fed. Deposit Ins. Corp. v. Kincaid Enter., Inc.*, 829 F.2d 1119 (4th Cir. 1987), which is a non-bankruptcy case. In *Kincaid*,

Code. In making a determination regarding reasonably equivalent value, the Fourth Circuit has directed that, "[t]he focus is on the consideration received by the debtor, not on the value given by the transferee." *Harman,* 956 F.2d at 485. In support of his claim, The Trustee alleges that the Debtor was compelled to make payments to Mr. Duet on behalf of the Debtor, Mountaintop, Mr. Skattell and Mr. Tretheway. The Trustee also alleges facts that the Debtor was insolvent at the time of the transfers; that the Debtor's assets were encumbered, and the Debtor failed to make timely payments under the Settlement Agreement. Solely for the purpose of adjudicating the Motion to dismiss, the court must accept the facts plead by the Trustee as true. The court finds that the Trustee's complaint alleges sufficient facts to raise a right to relief under § 548(a)(1)(B).

**C. Count III of the Trustee's Complaint** - **Claim Under § 547(b)**

Mr. Duet seeks to dismiss The Trustee's cause of action under § 547(b) based on the Trustee's failure to plead sufficient facts to demonstrate that Mr. Duet was an insider of the Debtor at the time of the transfers. To avoid transfers under § 547(b), the trustee must show that the insolvent debtor made transfers to a creditor, based upon an antecedent debt, which enabled the creditor to receive more than he would receive as a creditor of the debtor in a Chapter 7. 11 U.S.C. § 547(b). The look back period for the avoidance of a transfer to a creditor is generally 90 days. 11 U.S.C. § 547(b)(4)(A). However, the look back period is extended to one year prior to the petition date if the trustee can establish that the creditor is an insider. 11 U.S.C. § 547(b)(4)(B). An 'insider' is a "(i) director of the corporation; (ii) officer of the corporation; (iii) person in control of the debtor." 11 U.S.C. § 101(31)(B). A "trustee's mere labeling of transferees as "insiders" is not enough to establish a reasonable inference. . . [the trustee] must include the basis for asserting that a defendant qualifies as an insider . . . and facts showing that the alleged relationship is plausible." *Argell v. Ber Care, Inc.*, (*In re Caremerica, Inc.)* 409 B.R.

---

the Fourth Circuit affirmed the district court's decision to enforce a settlement agreement, which had already been adjudicated as valid in West Virginia state court. The Fourth Circuit determined that although the appellees cannot seek relief in the form specific performance, they may look to the settlement agreement, which contained valuation information, to determine damages. The court finds *Kincaid* unpersuasive because the court dealt with the enforcement of a settlement agreement and the determination of damages. Here, at issue is whether the Trustee can recover and avoid any transfers made to Mr. Duet pursuant to the Settlement Agreement, specifically whether the Debtor received reasonably equivalent value in exchange for the transfers.

737, 752 (Bankr. E.D.N.C. 2009). To support his contention that Mr. Duet was an insider and the longer look back period, the Trustee recounts Mr. Duet's connection to the Debtor and his disassociation from Mountaintop while negotiating the Settlement Agreement and receiving payments from the Debtor. The Trustee asserts that Mr. Duet never disassociated himself from the Debtor. Accepting as true, in conjunction with a Rule 12(b) motion to dismiss, the Trustee's allegations that Mr. Duet was an insider of the Debtor at the time of the transfers as the court must, the court finds that The Trustee's claim under § 547(b) raises a right to relief beyond a speculative level.

**D. Counts IV and V of the Trustee's Complaint -- Claims Under § 502(d) and § 550(a)**

Mr. Duet, in his memorandum to support his Motion, seeks to dismiss the Trustee's claims under § 502(d) and § 550(a) as moot if the court should find that the transfers cannot be avoided under § 548(a)(1) and § 547(b). In his response, the Trustee maintains that the claims under § 502(d) and § 550(a) survive the Motion to the extent that the claims under § 548(a) and § 547(b) survive the Motion. Since the Trustee's claims under § 548(a)(1) and § 547(b) raise a plausible right to relief, the court finds that the remedies under § 502(d) and § 550(a) survive the Motion.

## IV. CONCLUSION

For the above-stated reasons, the court will enter a separate order denying Mr. Duet's Motion to Dismiss.

11